**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH RAYMOND McCOY, | No. 11-56238 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02393-VAP-AJW |
| v. | |
| ERNEST C. ROE, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Joseph Raymond McCoy, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with the handling of his inmate grievances.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed McCoy's claims arising from

defendants' processing of and response to his grievances because prisoners do not

have a "constitutional entitlement to a specific prison grievance procedure."

*Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Contrary to McCoy's contention, the district court properly declined to order

the U.S. Marshal to serve McCoy's Fourth Amended Complaint because the

complaint had not yet been screened under § 1915A to determine whether it stated

any cognizable claims for relief.  *See* 28 U.S.C. § 1915A(a) ("The court shall

review, before docketing, if feasible or, in any event, as soon as practicable after

docketing, a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.").

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

(per curiam).

**AFFIRMED.**